THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* GUTIÉRREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Seduction.

No. 684.—Decided June 24, 1914.

SEDUCTION—PRESUMPTION—EVIDENCE.—Although it is not necessary in a case of seduction to prove that the victim was single because the presumption is that a person is unmarried until the contrary is shown, nevertheless this fact was proved in the present case.

ID.—CHASTITY OF VICTIM—EVIDENCE.—The testimony of the victim that when she had carnal intercourse with the appellant she was a pure woman and a maiden is equivalent to the affirmation that she was chaste, and this testimony was corroborated by the testimony of her mother, therefore the previous chaste character of the victim was proved.

ID.—PROMISE OF MARRIAGE—EVIDENCE.—The testimony of the victim was to the effect that she had carnal intercourse with the accused. She appeared before the jury in a state of pregnancy and her testimony that the accused prom-

ised to marry her was corroborated by the testimony of her mother, although
it is not necessary that the promise' of marriage be made also to the rela-
tives of the victim.

ID.—CHASTITY OF VICTIM—EVIDENCE—JURY.—The accused introduced evidence
to disprove the chaste character of the victim to the effect that she had had
relations and lived publicly as the concubine of a certain man, but the jury
gave no credence to this evidence and committed no error in not doing so.

ID.—INSTRUCTIONS TO JURY—CORROBORATION OF TESTIMONY.—An examination of
the evidence shows that the court committed no error in charging the jury
that the testimony of the victim was corroborated by that of the mother.

ID.—INSTRUCTIONS TO JURY—ESSENTIAL ELEMENTS OF SEDUCTION.—The court
charged the jury in part as follows: "* * * then the essential elements
of this crime are: That the woman is single; that carnal intercouse was had
with her; that said carnal act was committed under promise of marriage;
that the woman with whom said carnal act was committed under said condi-
tions formerly enjoyed the reputation of being a woman of previous chaste
character. These are the essential elements of the crime of seduction * * *."
In another part of the charge the court said that the promise of marriage
is the essential element of the crime of seduction. *Held:* That taking the
instructions as a whole they were not erroneous and that the court did not
state that the promise of marriage is the only element of the crime, as con-
tended by the appellant.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. M. Benítez Flores* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Demetrio Gutiérrez, was charged before the
District Court of San Juan, Section 2, with the crime of seduc-
tion in that about the month of May, 1913, in the munici-
pality of Río Grande of the district of San Juan, he unlaw-
fully, maliciously and wilfully and under promise of marriage
had carnal intercourse with Felipa Rosario, a single woman
of previous chaste character.

The case was tried before a jury on December 17, 1913,
and the accused was convicted of the said offense, and a few
days later he was sentenced to pay a fine of $1,000 or be im-
prisoned in the penitentiary one day for each $5 not paid.
From that judgment the accused took the present appeal.

When the *fiscal* rested his case the accused moved the court
to direct a verdict of acquittal on the ground that the prose-
cution had not proved beyond all doubt that the injured

woman was single; that she was of previous chaste character and enjoyed a reputation for chastity in the whole district; that she had committed the carnal acts because the appellant had promised to marry her, or that said promise was made to her and to her family.

The evidence introduced by the *fiscal* in this case consisted only of the testimony of the victim and of her mother, and in their testimony we find that the three elements alleged by the appellant to be lacking were proved.

The victim testified that she had had no relations with any other man prior to her acquaintance with the appellant and that she told him so the first time he went to her house. The mother also testified that the accused was her daughter's first suitor.

We understand that this testimony is sufficient to show that Felipa Rosario had not been married and was therefore single, and, moreover, it was not necessary to prove this fact because a person is presumed to be single until the contrary is shown. *Pérez Villamil* v. *Romano,* 19 P. R. R., 832.

The daughter testified also that she was a virtuous woman and a maiden when she had the carnal intercourse with the appellant, which is equivalent to saying that she was chaste; and the mother expressed the same idea in saying that Felipa had no other suitor prior to the accused.

In view of the foregoing we may conclude that the *fiscal* proved the previous chaste character of the victim.

As regards the last ground of the motion, it also lacks merit because the testimony of Felipa Rosario is to the effect that she had carnal relations with the accused, and she appeared before the jury in a state of pregnancy. She testified that the appellant offered to marry her from the time he began to pay her attention, and the mother testified that this offer was also made to her. This evidence, therefore, was corroborated notwithstanding the fact that it is not necessary that the promise of marriage be made also to the family of the woman.

The result of the foregoing is that the judge of the lower court committed no error in overruling the motion alleging the insufficiency of all the evidence to prove the charge.

During the trial the appellant excepted to two rulings of the court allowing the *fiscal* to ask certain questions. In his brief here he does not insist on this point, but only mentions the fact without arguing it; yet we have examined said questions and find that both tended to prove the credibility of the witness, so, although they may have been impertinent, they were not prejudicial to the accused.

Another error alleged by the appellant is that the evidence introduced consisting of the testimony of witnesses José Vives and Antonio Paz and tending to show that prior to the date on which she is alleged to have been seduced the victim had relations and lived openly in Río Grande as the concubine of a man named Celestino Suárez, completely discredits the allegation of chastity made in the information.

It is true that such evidence was introduced for that purpose, but it is also true that the jury gave it no credence, for the fact that it convicted the appellant of the crime of seduction shows that it deemed the woman to have been of chaste character. There was contradictory evidence on this point and the jury, in the exercise of the faculty conferred upon it by law of passing upon the credibility of witnesses, decided the conflict in the evidence against the appellant, in doing which it committed no error.

The appellant also contends in his brief that the lower court erred in charging the jury that the testimony of the mother of the victim corroborated the evidence of the latter, as such testimony cannot be deemed wholly corroborating. However, from the examination which we have made of the testimony of the said witness when considering the motion for a directed verdict of acquittal, a contrary conclusion is reached, for all the essential points of the victim's testimony were corroborated by her mother.

The last ground of the appeal is that the court erred in

charging the jury that the only essential element of the offense is the promise of marriage.

On this point the court charged the jury as follows:

"So the essential requirements of this crime are four: 1, that the woman is single; 2, that the carnal act is committed with her; 3, that the said carnal act is committed under promise of marriage; 4, that the woman with whom the carnal act is committed under such conditions previously enjoyed the reputation of being a woman of chaste character.

"These are the essential requirements of the crime of seduction * * * and if you believe the witnesses for the defense and are of the opinion that there was no promise of marriage, which is the essential element of this crime, and if you do not believe that the woman was chaste, or single, or that the accused had carnal knowledge of her; in short, if you do not consider that all the essential elements of this crime have been proved, then it is your duty to acquit the accused * * *."

The foregoing instructions in no manner bear out the appellant's contention that the jury was instructed that the only element of the crime was the promise of marriage, but, on the contrary, the jury was instructed as to the number and nature of the elements that go to make up the crime of seduction and informed that if any of the elements had not been proven it was their duty to acquit the accused.

It is true that the court said that the promise of marriage is the essential element of the crime, but as the instruction should be considered as a whole, the appellant's contention cannot be inferred from the instructions quoted.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.